**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN W. JANICK,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,[1] Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-111 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff John W. Janick ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or the "Commissioner"), denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). Presently before the Court are Plaintiff's Motion for Summary Judgment (Docket No. 5) and Defendant's Motion for Summary Judgment (Docket No. 7), which have been fully briefed by the parties and are ripe for disposition. (Docket Nos. 6, 8).

## II. PROCEDURAL HISTORY

In March 2022, Plaintiff filed an application for DIB in which he alleged disability as of January 1, 2019, due to multiple impairments. (Docket No. 8 at 2; Administrative Transcript,

---

[1] The Court notes that Frank J. Bisignano was confirmed as Commissioner of Social Security on May 6, 2025. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(b), Bisignano is automatically substituted as the defendant in this suit.

Docket No. 3 (hereafter "Tr.")[2] at 17, 167, 207). The Social Security Administration (the "SSA") denied Plaintiff's application, both initially in September 2022, and upon reconsideration in December 2022. (Tr. 18). A video hearing was then held before Administrative Law Judge ("ALJ") Leslie Perry-Dowdell on October 17, 2023, during which Plaintiff and an impartial vocational expert testified. (Tr. 33-58). The ALJ issued a decision (the "Decision") denying Plaintiff's application on February 14, 2024. (Tr. 17-27). On December 4, 2024, the Appeals Council denied Plaintiff's request for review, which rendered the Decision final pursuant to 20 C.F.R. § 404.981. (Tr. 1-6; Docket No. 8 at 2).[3]

Plaintiff filed his Complaint in this matter on January 24, 2025. (Docket No. 1). The issues presently before the Court are (a) whether substantial evidence exists in the record to support the ALJ's Decision, and (b) whether the ALJ employed the correct legal standard in reaching her conclusions. More specifically, Plaintiff asserts that the ALJ erred in assessing Plaintiff's medically-determinable impairments, failing to find certain impairments to be "severe," which resulted in harmless error in assessing the listing-level impairments, but in an erroneous RFC based

---

[2] A certified copy of the transcript of the complete proceedings before the Social Security Administration was made of record at Docket No. 3.

[3] In reaching her determination, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since his alleged onset date, and (2) had two severe medically determinable impairments (as well as a number of nonsevere impairments), (3) none of which met or equaled the severity of a listed impairment. (Tr. 17-27). In formulating Plaintiff's residual functional capacity assessment ("RFC") at step (4), the ALJ found that Plaintiff had:

> the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: He can lift 50 pounds occasionally and 25 pounds frequently. He can stand and walk for about six hours and sit for a total of six hours in an eight-hour workday with normal breaks. He can frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to extreme cold, humidity, vibrations, and hazards such as unprotected heights. He is able to hear and understand simple oral instructions and can communicate simple information, and can use a telephone to communicate.

(Tr. 21). After finding that Plaintiff is unable to perform any past relevant work, the ALJ concluded, on evidence of the vocational expert, that Plaintiff's RFC, age ("advanced age" on the alleged disability onset date, which subsequently changed to "closely approaching retirement age"), and high school education were compatible with substantial other work in the national economy (*e.g.*, spray painter, salvage laborer, and laundry marker), sufficient to warrant her finding that Plaintiff was not disabled. (Tr. 25-27).

on unsupported and inconsistent medical opinions and interpretation of the medical evidence of record. (Docket No. 6 at 16). Upon deferential review, the Court finds that the administrative record sufficiently supports the ALJ's Decision. Accordingly, for the reasons set forth below, Plaintiff's Motion will be denied, Defendant's Motion will be granted, and the ALJ's Decision will be affirmed.

## III. STANDARD OF REVIEW

In order to be eligible for benefits under the Act, a claimant must demonstrate that he cannot engage in "substantial gainful activity" due to a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986). When reviewing a claim for benefits, the ALJ must use a five-step sequential analysis in evaluating whether a claimant has met the disability requirements. *See* 20 C.F.R. §§ 404.1520, 416.920. Specifically, the ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe and meets the duration requirement; (3) as to medical severity, whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) the RFC assessment and whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can make an adjustment to perform any other work that exists in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). More specifically, if the claimant is determined to be unable to resume his previous employment, the burden shifts to the Commissioner at step 5 to prove that, given the

claimant's mental or physical limitations, age, education, and work experience, he is able to perform alternative substantial gainful activity in jobs that are available in the national economy. *See, e.g.*, *Edwards v. Berryhill*, Civ. Action No. 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The Court's review of the agency's final decision is plenary with regard to questions of law. *See Schaudeck v. Commissioner of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Thus, the Court must review the ALJ's findings of fact for "substantial evidence," and the administrative record must be reviewed as a whole. *See Biestek v. Berryhill*, 598 U.S. 97, 99 (2019) (quoting 42 U.S.C. § 405(g));[4] *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002); *Kent v. Schweiker*, 710 F.2d 110, 113 (3d Cir. 1983). The threshold for evidentiary sufficiency is not high, as "substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (internal quotation marks and citations omitted); *see also Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting very similar language in *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Accordingly, the ALJ's findings as to any fact are conclusive if they are supported by such evidence, and the Court may not "set aside" the ALJ's decision "even if [the] Court 'would have decided the factual inquiry differently.'" *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

---

[4] Section 405(g) provides in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . . brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

Nevertheless, the ALJ must provide a satisfactorily clear articulation of the basis for the conclusions reached, as the United States Supreme Court explained:

> An agency action qualifies as "arbitrary" or "capricious" if it is not "reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, 592 U. S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021). In reviewing an agency's action under that standard, a court may not "'substitute its judgment for that of the Agency.'" *FCC v. Fox Television Stations, Inc.*, 556 U. S. 502, 513, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009). But it must ensure, among other things, that the agency has offered "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983) (internal quotation marks omitted).

*Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384, 603 U.S. 279, 292 (2024); *see also Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (discussing the standard for a hearing examiner's opinion); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (specifying that the ALJ need not discuss every piece of evidence in the record, but must "build an accurate and logical bridge between the evidence and the result"). Thus, in reviewing a decision of the Commissioner, a district court "can neither conduct a *de novo* review of the decision nor re-weigh the evidence of record"; rather, a district court "must judge, under the applicable standard, the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered." *Holuska v. Bisignano*, Civ. Action No. 1:26-cv-00038, 2026 WL 184755, at *3 (W.D. Pa. July 29, 2026) (citing *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998), and *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947)).

## IV. DISCUSSION

As noted, *supra*, here Plaintiff contends that the ALJ erred in assessing Plaintiff's medically-determinable impairments by failing to consider his back, knee, cancer, hernia, or other impairments as "severe," which resulted in harmless error in assessing the listing-level impairments, but which led to an erroneous RFC based on unsupported and inconsistent medical

opinions and interpretation of the medical evidence of record. (Docket No. 6 at 16). For the reasons set forth below, the Court must reject Plaintiff's contentions and affirm the Commissioner's Decision under the applicable standard.

First, Plaintiff argues that the ALJ erred at step two of her analysis by failing to adequately consider and include all of Plaintiff's "severe" medically determinable impairments in her assessment. (*Id.*). Nevertheless, the ALJ, who found Plaintiff to have the severe impairments of bilateral hearing loss and obesity, found in favor of Plaintiff at this step. (Tr. 21). Therefore, even if the ALJ erroneously concluded that some of Plaintiff's other medically determinable impairments were non-severe, any such error at step two is harmless. *See Salles v. Commissioner of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007); *see also Rivera v. Commissioner of Soc. Sec.*, 164 F. App'x 260, 262 n.2 (3d Cir. 2006) ) (holding that where the ALJ found in favor of the claimant at step two, the erroneous conclusion that other impairments were non-severe constituted harmless error). Furthermore, Plaintiff himself concedes that this determination by the ALJ at step two was harmless error. (Docket No. 6 at 16).

Next, Plaintiff asserts that the ALJ erred in a number of ways in evaluating the medical evidence of record and in formulating Plaintiff's RFC, particularly with regard to her evaluation of the consultative examiners' findings. (Docket No. 6 at 18). More specifically, Plaintiff argues that the ALJ erroneously determined that the findings of state agency reviewing physicians Arcadio Agudelo-Hernandez, M.D., and Alfonso Cuozzo, M.D., were persuasive only with respect to the claimant's ability to perform medium exertional level work. (*Id.* at 21). However, viewed in context, the ALJ's determination in this regard ultimately benefitted Plaintiff to some extent as, having reviewed and summarized pertinent parts of the record, the ALJ concluded that such findings were persuasive but also added to the RFC a number of limitations – including limitations

upon which the consultative examiners did not agree in their assessments (*e.g.*, specifying that Plaintiff is able to hear and understand simple oral instructions, can communicate simple information and can use a telephone to communicate, together with certain additional limitations that only one doctor or the other had indicated). (Tr. 21). The Court of Appeals for the Third Circuit has approved ALJ analyses such as this. *See Chandler v. Commissioner of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (affirming the Commissioner's decision, and noting that the ALJ "did not merely rubber stamp [the state agency physicians'] RFC conclusion" because the ALJ added restrictions to the RFC that the state agency physicians "did not deem necessary").

Plaintiff also objects to the ALJ's determination that the findings of consultative examiner Alexandra Smith-Demain, M.D., "were persuasive with respect to the Plaintiff's ability to perform medium exertional level work, but not with respect to his ability to stand, walk, or climb." (Docket No. 6 at 21). In evaluating the persuasiveness of medical opinions, ALJs are required to articulate how they considered the "most important factors" of "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2), (3). ALJs need not, however, "reiterate the magic words 'support' and 'consistent' for each doctor," and may "weave [discussion of] supportability and consistency throughout [their] analysis of which doctors were persuasive." *Zaborowski v. Commissioner of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024). Here, the ALJ summarized Dr. Smith-Demain's examination findings, including that Plaintiff had normal gait, negative straight leg raise, stable joints, intact 5/5 strength, and no sensory deficit. (Tr. 24, 672-73). The ALJ also noted that Plaintiff was able to engage in normal activities, including playing in an over-55 baseball league.[5] (Tr. 23-24, 44-45, 411, 1052). *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (indicating that an ALJ can consider a plaintiff's medical records as well as "[r]eports of daily activities" in

[5] The ALJ also found that Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other record evidence. (Tr. 22).

formulating an RFC). Additionally, the state agency physicians, Dr. Agudelo-Hernandez and Dr. Cuozzo, reviewed the record (including the opinion of Dr. Smith-Demain) and also found that Plaintiff could engage in a range of medium work, which the ALJ found to be persuasive. (Tr. 63-65, 71-74). Upon review, the Court finds that such evidence is sufficient to clear the substantial evidence threshold. *See, e.g., Zaborowski*, 115 F.4th at 640 (finding that "there was substantial evidence to support the [ALJ's] decision about how much weight to give each medical opinion, as shown by her explanations discussed above," and that "after she weighed the opinions, there was substantial evidence for her conclusion that [the claimant] could still work," since the psychologists' opinions "plus the record evidence that he could live alone and help his mother with chores and medical appointments, was enough to clear that low threshold").

Additionally, Plaintiff argues that the ALJ "cherry-picked" evidence from the record to support a conclusion that Plaintiff is not disabled, while ignoring other evidence that would have led to the conclusion that he is disabled. (Docket No. 6 at 24-26). However, the Court is mindful that an ALJ "need not mention every piece of evidence in the record" in reaching her decision. *Beety-Monticelli v. Commissioner of Soc. Sec.*, 343 F. App'x 743, 747 (3d Cir. 2009). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Commissioner of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009). Moreover, to the extent Plaintiff asserts that records show that he experienced pain, the Court notes that "it is well settled that a claimant need not be pain-free or experiencing no discomfort in order to be found not disabled." *Andreolli v. Commissioner of Soc. Sec.*, Civ. Action No. 07-1632, 2008 WL 5210682, at *4 (W.D. Pa. Dec. 11, 2008) (citing *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986)). Upon review of the record and the ALJ's Decision here, the Court finds that the ALJ considered the

record and determined that Plaintiff's daily activities and medical records, as well as the findings of the state agency physicians, supported the conclusion that Plaintiff could perform a range of medium work with the limitations noted in the RFC. As explained above, the Court may not conduct a *de novo* review of the Commissioner's Decision, nor may the Court reweigh the evidence of record and impose its own factual determinations. Plaintiff's recitation of details from the record that the ALJ did not cite in his Decision does not undermine the fact that the ALJ's decision was, nonetheless, based on substantial evidence. *See Dellapolla v. Commissioner of Soc. Sec.*, 662 F. App'x 158, 162 (3d Cir. 2016) (noting that "cherry-picking of unmentioned details from a voluminous record does not a viable claim make"). Accordingly, Plaintiff's assertions to the contrary notwithstanding, the ALJ in her Decision discussed and considered the medical opinions and records under the appropriately cited factors of "consistency" and "supportability." *See* 20 C.F.R. § 404.1520c(b)(2), (3).

Last, Plaintiff argues that the ALJ erred in relying on the testimony of the vocational expert (the "VE") in response to an incomplete hypothetical question that did not include all of Plaintiff's impairments and limitations. (Docket No. 6 at 27). Specifically, Plaintiff contends that the ALJ asked the VE whether Plaintiff is able to do any other work, taking into consideration Plaintiff's RFC, education, and work experience, and that the ALJ then relied in her Decision on the three representative medium unskilled jobs that the VE indicated Plaintiff could perform. (*Id.*; Tr. 26-27). However, such argument relies upon Plaintiff's earlier contention that the RFC did not include all of Plaintiff's credibly established limitations. As the Court finds that substantial evidence supports the ALJ's formulation of the RFC, and as the ALJ is only required to convey to the VE all credibly established limitations, the Court finds that the ALJ did not err in posing her hypothetical question to the VE (based on the RFC that she had formulated) and in relying upon

the VE's responses to that question in her Decision. *See Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004); *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005).

## V. CONCLUSION

Accordingly, having utilized the applicable standard as set forth above, the Court finds that the ALJ's Decision: (a) properly included and considered the evidence and opinions of record; (b) sufficiently explained the ALJ's reasoning and findings to permit meaningful review by the Court, including with sufficient reference to evidentiary support and consistency; (c) included related limitations in Plaintiff's RFC; and (d) based its denial of benefits on substantial evidence found and reasonable decisions made. Therefore, Plaintiff's Motion for Summary Judgment is denied, Defendant's Motion for Summary Judgment is granted, and the Decision of the Commissioner is affirmed.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: November 4, 2026

cc/ecf: All counsel of record